# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEVEN SIEFERT,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. 16-CV-1673-JPS<br><br><br>**ORDER** |

　　　　The plaintiff, Steven Siefert, filed this action complaining that the administrative law judge (the "ALJ") evaluating his claim for disability insurance benefits ("DIB") had erred in determining the date on which the plaintiff became disabled. (Docket #1). The Court directed the parties to meet and confer in a good faith effort to resolve the matter, (Docket #9 at 1), the result of which was a determination by both parties that the ALJ had, in fact, erred and that the case must be remanded. (*See* Docket #11 at 1, #13 at 1). The parties were unable to reach an agreement on a joint stipulation for remand, though, because they disagree about the appropriate scope of the rehearing on remand and whether this Court should recommend that a new ALJ be assigned to the case on remand. (*See* Docket #13 at 1-3).

　　　　The Commissioner filed a motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing and decision. (Docket #12 at 5). The Commissioner and the plaintiff agree that the ALJ did not properly apply Social Security Ruling 83-20 in determining the onset of disability, *see* (Docket #10 at 18, #12 at 2), and the Commissioner now asks that this Court remand the case so that the ALJ can correctly "apply Social Security Ruling

83-20 in determining the plaintiff's onset of disability as part of the rehearing process." (Docket #12 at 5). The plaintiff would prefer that this Court remand with instructions that the ALJ consider whether he was disabled *before* June 1, 2013—the date the ALJ previously found that the plaintiff became disabled—but not consider whether the plaintiff's disability onset date is actually later than June 1, 2013. (Docket #13 at 1-2).

The Court will not supply limits to the scope of the rehearing on remand. Simply put, the Commissioner and the Social Security Administration ("SSA") are in the best position, on remand, to determine what course of action is necessary to comply with the dictates of the governing regulations, statutes, and Constitutional provisions. As is the Court's practice in most cases involving a remand to the SSA, the Court will order that the ALJ issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law. While this does not guarantee the correct outcome, at least it will allow the ALJ to act in accordance with the Seventh Circuit's dictates. *See* SSR 96-1p. And if the ALJ were to make an adverse finding in error, the plaintiff would, of course, be able to appeal that denial.

Further, the Court will not instruct the SSA to assign a different ALJ than was assigned for the plaintiff's previous hearing. Such an instruction is only warranted when the ALJ has demonstrated "a degree of bias . . . that would disqualify him as a matter of due process from further participation in the litigation . . . in which event the Social Security Administration's own regulation would disqualify him." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 386 (7th Cir. 2010) (citing 20 C.F.R. § 404.940). The plaintiff has identified deficiencies in the ALJ's decision, but he has not

alleged, let alone proven, that the previously-assigned ALJ exhibited the kind of bias that would warrant reassignment.

For these reasons, the Court determines that the best course of action is to grant the Commissioner's motion to remand this case.

Accordingly,

**IT IS ORDERED** that the Commissioner's motion to remand the case (Docket #11) be and the same is hereby **GRANTED**; this matter be and the same is hereby **REMANDED** to the Commissioner of Social Security pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g); and

**IT IS FURTHER ORDERED** that, on remand, the ALJ shall issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge